DERMA-VIVA COMPANY, INC., Appellant, v. THE KELLS COMPANY, INC., Respondent.

Second Department, June 6, 1919.

Sale — title to goods purchased f. o. b. point of shipment — deterioration during transit — rescission.

The title to goods purchased f. o. b. the point of shipment passes by the bill of lading.

A consignee of goods purchased f. o. b. the point of shipment cannot rescind the shipment after arrival at the point of destination on the ground of deterioration in transit, where he retains the bill of lading without objection.

APPEAL by the plaintiff, Derma-Viva Company, Inc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 3d day of June, 1918, upon the decision of the court dismissing the complaint after a trial before the court, a jury having been waived.

The suit was for the value of certain liquid specifics, called " Derma-Viva," shipped from Chicago on December 19, 1916, by rail in refrigerator cars which came over the New York Central railroad and reached Newburgh on January 5, 1917. When defendant found the goods frozen, it so notified the plaintiff, also sent back to it the invoice and bill of lading.

*Robert C. Moore* [*Edward B. Levy* with him on the brief], for the appellant.

*Graham Witschief,* for the respondent.

PER CURIAM:

Several months before this shipment, plaintiff had written defendant that plaintiff's terms of shipment were to be " F. O. B. Chicago," and that claims for damage must be made to carrier. The shipment was so made on December 19, 1916, in boxes marked " Keep from Freezing, Ship in Refrigerator Car." The bill of lading with invoice was received by defendant and retained without objection for about two weeks. When, on January fifth, the goods arrived

frozen, defendant sent back the shipping documents by mail to plaintiff. Although there had been delay in filling this order which had been originally mailed to plaintiff's New York agent on November twenty-first, such delay was not a proximate cause of the damage. The title passed by the bill of lading. Defendant's secretary and manager who received the shipping documents admits he retained them to await arrival of the goods, and that he would have accepted them had the articles not been frozen. Such deterioration in transit follows the title in the consignee, so that such a consignee cannot rescind the shipment where the documents had thus been retained without objection.

It follows that the judgment must be reversed, and new findings made, on which plaintiff should have judgment, with costs in both courts.

JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment reversed, and new findings made, on which plaintiff should have judgment, with costs in both courts. Order to be settled before Mr. Justice PUTNAM.